■ Joseph J. Shannon, as Temporary General Guardian of Christopher L. Figueroa and Another, Respondent, v Hector Figueroa, Defendant, and Compass Foreign Auto Parts, Inc., Appellant. (And a Third-Party Action.) — In an action to recover damages for wrongful death and conscious pain and suffering, defendant Compass Foreign Auto Parts, Inc., appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated April 1, 1980, as granted plaintiff's motion, *inter alia,* to strike the appellant's answer, to the extent of resolving the issue raised by its fifth affirmative defense in favor of plaintiff as a sanction for failure to comply with a prior disclosure order of the same court dated December 18, 1979, and (2) from a further order of the same court dated June 26, 1980 as denied its motion for reargument of the prior motion. Appeal from the order denying reargument dismissed, without costs or disbursements. No appeal lies from a denial of reargument. Order dated April 1, 1980 reversed insofar as appealed from, without costs or disbursements, the provision resolving the issue raised in the fifth affirmative defense in favor of the plaintiff is deleted therefrom and plaintiff's motion is denied on condition that the appellant's counsel pays plaintiff's counsel the sum of $250 and that all the documents required under the order dated December 18, 1979 be produced within 20 days after service upon the appellant of a copy of the order to be made hereon, together with notice of entry thereof. In the event the conditions are not complied with, order affirmed insofar as appealed from, with $50 costs and disbursements. While the appellant's failure to obey the court's order requires a judicial response, the circumstances do not warrant the sanction of striking its fifth affirmative defense (see *Szczepanski v Security Mut. Fire Ins. Co. of N.Y.,* 66 AD2d 818; *Newman v Chartered New*

*England Corp.,* 63 AD2d 617; *Queens Farms Dairy v Consolidated Edison Co. of N.Y.,* 63 AD2d 696; *Cinelli v Radcliffe,* 35 AD2d 829). Nevertheless, relief to the appellant must be conditioned on the payment of $250 by its counsel to the plaintiff's counsel and the production of all the documents required under the order dated December 18, 1979. Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.