■ GEORGE PASSARELLI et al., Respondents, v NATIONAL BANK OF WESTCHESTER, Now Known as LINCOLN FIRST BANK, N.A., Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., defendant National Bank of Westchester appeals from (1) an order

of the Supreme Court, Dutchess County, dated July 22, 1980, which granted plaintiffs' motion to strike the bank's answer for failure to comply with a prior discovery order dated April 29, 1980 and (2) as limited by its brief, so much of a further order of the same court dated September 24, 1980 as, upon granting reargument, adhered to its original determination. Appeal from order dated July 22, 1980 dismissed, without costs or disbursements. The order was superseded by the order dated September 24, 1980. Order dated September 24, 1980 reversed insofar as appealed from, without costs or disbursements, order dated July 22, 1980 vacated and plaintiffs' motion denied on condition that within 30 days after the service upon appellant of a copy of the order to be made hereon, with notice of entry thereof, appellant (1) complies with the order dated April 29, 1980 and (2) pays the sum of $1,500, $750 to plaintiffs and $750 to plaintiffs' counsel. In the event that either of the conditions is not complied with, order affirmed, without costs or disbursements. Appellant ignored a notice of discovery and inspection and thereafter defaulted on a motion to compel disclosure. On the motion to strike its answer, appellant proffered the excuse that real property records pertaining to the ownership of the accident site were lost upon a transfer of ownership and that this had not been ascertained until investigations had been completed. This explanation was readily available to appellant at the time it twice defaulted. Yet it chose to stand mute and default. This type of dilatory tactic resulting in inordinate delay is not excusable, but such conduct does not warrant the severe penalty of striking of the appellant's answer, but rather warrants the sanctions herein imposed. Hopkins, J.P., Rabin, Gulotta and Thompson, JJ., concur.