■ WALTER B. LOTZ et al., Respondents, v ALBANY MEDICAL CENTER HOSPITAL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 16, 1981, in Albany County, which, *inter alia,* denied defendant's motion for a protective order pursuant to CPLR 3103. In this medical malpractice action, plaintiffs have served defendant with a notice to take depositions before trial of certain alleged employees of defendant. Defendant moved for a protective order upon the grounds that it has the right to designate who will be its representatives upon its examination before trial and that the persons named by plaintiffs, with one exception, are not its employees. Plaintiffs' notice to take deposition was served on *defendant* and

*not* on the named individuals. A corporate party is permitted *in the first instance* to determine which of its employees will represent it for the purposes of pretrial depositions. If additional persons are sought to be deposed, the examining party must make a formal application to the court and must sustain the burden of showing that the corporate representatives already deposed possessed insufficient knowledge or were otherwise inadequate. (See *National Reporting v State of New York,* 46 AD2d 576, 578.) The present record demonstrates *no* sound basis for departing from established rules of procedure. (See *Kurzman v Burger,* 98 Misc 2d 244.) Order modified, on the law and the facts, by reversing so much thereof as denied defendant's motion for a protective order, and motion granted, and, as so modified, affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.