■ JULIAN P. FERRARO et al., Appellants, v NEW YORK TELEPHONE COMPANY, Defendant and Third-Party Plaintiff-Respondent. COUNTY OF SUFFOLK, Third-Party Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Corso, J.), dated March 24, 1982, as, upon granting defendant's motion to renew, modified its order dated January 29, 1982 unconditionally striking its answer, to the extent of striking

the answer unless defendant, *inter alia,* provided certain material to plaintiffs and submitted to stated disclosure proceedings, and defendant's attorney paid personally to plaintiffs the sum of $150, and (2) from an order of the same court, dated June 8, 1982, which, upon the court's own motion, stated that defendant will be deemed to have complied with its order dated March 24, 1982, provided that within 20 days after the date of the order it furnishes plaintiffs with stated items requested in their notice of discovery and inspection. Orders modified so as to provide that plaintiffs' earlier motion to strike defendant's answer is granted unless defendant (1) submits to such further appropriate disclosure proceedings as plaintiffs deem advisable, including additional examinations of the two employees of defendant who were previously deposed, relating, *inter alia,* to questions defendant's counsel has prevented from being answered, and also including an examination of any employee having knowledge of the facts, as may be appropriately required by plaintiffs; the examinations before trial shall be held at such times and places to be fixed in a written notice to be given by the plaintiffs to the defendant of not less than 20 days or at such times and places the parties may agree and (2) pays to plaintiffs the sum of $2,500 for its extensive delay in complying with the prior disclosure order. As so modified, orders affirmed, insofar as appealed from, with one bill of costs to the plaintiffs, and the defendant's time in which to pay the sum of $2,500 is extended until 20 days after service upon the defendant of a copy of the order to be made herein, with notice of entry. As stated by Special Term in its earlier decision, unconditionally dismissing the answer, the transcript of the original examination before trial "reveals a clear intention on the part of defendant, New York Telephone, to obstruct and frustrate the orderly disclosure process and further to obscure or prevent discovery of the facts". Included in such tactics were the furnishing for examination employees lacking knowledge of pertinent aspects of the case, and defendant's counsel's instruction to one employee not to answer certain questions, despite the fact that his objections did not relate to the form of the questions (see *Spatz v Wide World Travel Serv.,* 70 AD2d 835), and the questions were neither palpably irrelevant nor violative of some legal privilege or constitutional right (see *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654; *Watson v State of New York,* 53 AD2d 798). Since the later production by defendant of certain documents did not fully embrace the questions which defendant's employee was improperly told not to answer, it did not fully abate the harm done by its earlier obstructionist tactics. The penalty to be paid to plaintiffs was inadequate to the extent indicated. Since defendant's counsel is himself an employee of defendant, the cost of the penalty should be borne by defendant. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.