■ GERALDINE DONOHUE, Respondent, v CENTRAL GENERAL HOSPITAL, Appellant. — In a medical malpractice action, defendant appeals from a judgment of the Supreme Court, Nassau County (Kelly, J.), entered October 14, 1982,

which, *inter alia,* granted plaintiff's motion for summary judgment. (The notice of appeal is deemed a premature notice of appeal from the judgment.) Judgment reversed, without costs or disbursements, plaintiff's motion denied and defendant's cross motion, in the nature of renewal, granted, order dated May 14, 1982 vacated, and defendant's answer is reinstated upon condition that defendant's attorney personally pay $750 to plaintiff. Defendant's attorney's time to comply with said condition is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event that said condition is not complied with, then judgment affirmed, with costs. On the record before us, we find that defendant's cross motion, labeled as one for reargument, was in fact, one for renewal. Upon renewal, the order dated May 14, 1982, which struck defendant's answer unless defendant produced Kathleen Perry and Doris Adams for examinations before trial, should have been vacated since Kathleen Perry had been produced, as directed, and Doris Adams was no longer in the employ of defendant. Accordingly, plaintiff's motion for summary judgment based upon defendant's failure to comply with the May 14, 1982 order should have been denied. Nevertheless, we have imposed the above condition due to the dilatory actions of defendant's attorney. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.