■ VIVIAN C. BOES, Respondent, v HELEN HARRIS, Appellant, et al., Defendant. (Action No. 1.) RAOUL M. ROUZEAU, Respondent, v HELEN HARRIS, Appellant, et al., Defendant. (Action No. 2.) — In actions to set aside a fraudulent conveyance, defendant Helen Harris appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 8, 1982, which granted plaintiffs' motions to strike her answer for failure to comply with a prior discovery order dated February 3, 1982. Order reversed, without costs but with disbursements payable by appellant to plaintiffs, and plaintiffs' motions denied on condition that within 30 days after service upon appellant of a copy of the order to be made hereon, with notice of entry, she complies with the order dated February 3, 1982, and appellant's attorney personally pays to each plaintiff the sum of $250. In the event either condition is not complied with, order affirmed, with one bill of costs. In opposition to plaintiffs' motions to strike her answer, appellant contended that she did not possess the documents requested to be produced pursuant to the discovery order. It is noted that appellant had at least two prior opportunities in which to inform the court of her inability to produce the documents but failed to do so. While appellant's conduct is not excusable, it does not warrant the severe penalty of striking her answer but warrants the conditions herein imposed (*Passarelli v National Bank of Westchester,* 81 AD2d 635). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.