■ MAX DONNER, Respondent, v 50 TOM CORP. et al., Appellants. — In an action to recover damages, *inter alia,* for breach of contract, defendants appeal from an order of the Supreme Court, Westchester County (Leggett, J.), entered October 21, 1982, which granted plaintiff's motion for imposition of penalties pursuant to CPLR 3126 to the extent that defendants were precluded from denying that they received money in the sum of $25,145 from plaintiff, that plaintiff was given nothing in return for the money, and that when plaintiff requested return of his funds, defendants wrongfully refused to comply. Order reversed, without costs or disbursements, and plaintiff's motion denied on condition that within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry, defendants (1) pay $750 to plaintiff and (2) respond, by affidavit of a person with knowledge of the facts pertinent hereto rather than by affidavit of their attorney, seriatim, to plaintiff's notice for discovery and inspection dated April 26, 1982. If the affiant asserts the position that certain of the documents in question are not in defendants' possession, custody or control, then defendants are directed to indicate the names and addresses of those persons reasonably likely to have possession, custody or control of such documents, and to deliver an acknowledged writing authorizing such persons to permit plaintiff to copy them. In the event that it is maintained that defendants do not know where the requested items are located then a person with knowledge of the facts hereto is directed to deliver an affidavit attesting to that fact. If any of the foregoing conditions is not complied with, order affirmed, with costs. The record does not establish that the conduct of defendants or their counsel was willful or contumacious. Therefore it was an improvident exercise of discretion to employ the drastic remedy of precluding defendants from denying certain allegations essential to their defense (see *Szczepanski v Security Mut. Fire Ins. Co.,* 66 AD2d 818). Nevertheless, we find the manner in which defendants responded to plaintiff's demand was improper and that they engaged in dilatory tactics resulting in inordinate delay. Such conduct is inexcusable and warrants the sanctions herein imposed (see *Passarelli v National Bank,* 81 AD2d 635). Bracken, J. P., O'Connor, Brown and Niehoff, JJ., concur.