■ KARIN JOSEPH, Respondent, v ROLLER CASTLE, LTD., et al., Appellants, et al., Defendants. — In an action to recover damages for personal injuries, defendants Roller Castle, Ltd., and Cosimo De Luca appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated August 2, 1983, which (1) granted plaintiff's motion to strike their answer for failure to comply with a prior discovery order of the court, dated March 17, 1983, unless they complied with said order, and (2) denied their cross motion to vacate the prior discovery order. ¶ Order modified, on the law and as a matter of discretion, by adding to the provision striking appellants' answer unless appellants comply with the order dated March 17, 1983 the following: "or, if they cannot comply with respect to any item sought, submit an affidavit by a person with knowledge as to the efforts engaged in to secure that item, in which event appellants are to be precluded from offering that item in evidence". As so modified, order affirmed, without costs or disbursements. Appellants' time to comply with either of these conditions is extended until 10 days after service upon them of a copy of the order to be made hereon, with notice of entry. ¶ The extreme penalty of striking a pleading for failure to comply with an order of disclosure is warranted only when the failure has been willful or contumacious (see, e.g., *Battaglia v Hofmeister,* 100 AD2d 833; *Walsh v Hudson Tr. Lines,* 98 AD2d 745; *Plainview Assoc. v Miconics Inds.,* 90 AD2d 825). It appears that, while appellants initially informed the plaintiff that the documents were no longer in their possession, they now take the position that after a further search of their records some of the requested documents may be located and will be produced. A balancing of interests indicates that the appropriate sanction in such circumstances is to permit appellants one final opportunity to comply with the discovery order on the conditions we have set forth (see *Boes v Harris,* 96 AD2d 849; *Passarelli v National Bank,* 81 AD2d 635; *Newman v Chartered New England Corp.,* 63 AD2d 617; cf. *Unity Mfg. Corp. v St. Paul Fire & Mar. Ins. Co.,* 97 AD2d 462). Titone, J. P., O'Connor, Boyers and Eiber, JJ., concur.

8 WALTER MCDONALD, Individually and as Father and Natural Guardian of DARLENE MCDONALD, an Infant, Appellant, v STANLEY DUDEK, Respondent, et al., Defendants. — In an action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered June 9, 1983, which denied his motion for partial summary judgment against defendant Stanley Dudek. ¶ Order affirmed, with costs. ¶ The affidavit in support of the motion for partial summary judgment against defendant Dudek failed to rule out the existence of triable issues of fact. In the absence of a sufficient affidavit in support of the motion, the failure of Dudek himself to supply an affidavit in opposition cannot be the basis for granting summary judgment to the plaintiff (*Coley v Michelin Tire Corp.,* 99 AD2d 795). Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.