### (June 19, 1984)

■ ADAMS DRUG CO., INC., Appellant, v FRANKLIN KNOBEL et al., Respondents. — Appeal from the order entered February 3, 1983, Supreme Court, New York County (Arnold G. Fraiman, J.), denying plaintiff's motion for partial summary judgment, is dismissed, without costs, since the order did not survive the judgment entered June 10, 1983. Appeal from the order entered May 26, 1983, Supreme Court, New York County (Irving Kirschenbaum, J.), dismissing all causes of action and directing entry of judgment for defendant, is dismissed as subsumed in the judgment, without costs. That judgment, entered June 10, 1983 in the same court, is unanimously modified, on the law, to the extent of declaring for defendant that termination of the lease was proper, and the judgment is otherwise affirmed, without costs. ¶ While we agree with the analysis of Justice Kirschenbaum as expressed in his decision dated May 4, 1983, it was error to dismiss the first cause of action which sought a declaratory judgment merely because plaintiff was not entitled to the declaration sought by it (*Lanza v Wagner,* 11 NY2d 317, 334). Accordingly, we modify to make the appropriate declaration in defendant's favor, and otherwise affirm. Concur — Murphy, P. J., Sandler, Carro, Fein and Alexander, JJ.

■ HOWARD I. SHAPIRO, Respondent, v MARTIN R. FINE, Appellant. — Order, Supreme Court, New York County (S. Schwartz, J.), entered February 7, 1984, which denied defendant's motion to renew and amend a previous order and judgment of the Supreme Court, New York County, entered December 28, 1983, which granted plaintiff's motion to strike the defendant's answer and directed an inquest, reversed, on the law and in the exercise of discretion, to grant the motion to renew, and on renewal to vacate the previous order and judgment of December 28, 1983, and to reinstate the answer upon condition that defendant pay to the plaintiff $5,000 within 20 days of service of a copy of this order on defendant's counsel, without costs. If defendant does not comply with this direction, the order appealed from is affirmed, with costs. ¶ Appeal from order and judgment of the Supreme Court, New York County (S. Schwartz, J.), entered December 28, 1983, dismissed as subsumed within the above determination, without costs. ¶ Although the failure of the defendant promptly to produce certain documents directed by court order (see 95 AD2d 714) merits condemnation, particularly in light of prior and accompanying defaults, we are not persuaded that the totality of the circumstances justifies the striking of defendant's answer and the direction of an inquest in this complex action which presents substantial legal and factual issues. ¶ A significant monetary sanction seems to us an appropriate response to the circumstances presented, and one that should have a salutary effect on defendant's future conduct in this litigation. In imposing this sanction on the defendant, we do not wish to be understood as assuming that the plaintiff's actions during the course of the litigation have been free from fault. Although the record is inadequate to permit a definitive assessment, the already protracted character of defendant's deposition seems to at least raise a question as to possible harassment. We see no reason why it should not be possible promptly to conclude that deposition in a very few additional sessions. Concur — Murphy, P. J., Sandler, Carro, Fein and Alexander, JJ.