■ LAWRENCE W. BRIDGES, Appellant, v 725 RIVERSIDE DRIVE, INC., et al., Respondents.—In an action to recover brokerage commissions, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Jiudice, J.), dated May 21, 1985, as (1) denied that branch of his motion which was for an order striking the defendants' answer on the ground of willful deception and to impose sanctions against the defendants' attorneys pursuant to Judiciary Law § 487, and (2) denied, without prejudice, that branch of his motion which was for leave to increase the ad damnum clause relating to the first cause of action in the complaint.

Order affirmed insofar as appealed from, with costs.

Special Term properly refused to strike the defendants' answer and to impose sanctions (i.e., treble damages) against their attorney pursuant to Judiciary Law § 487. At the time of the motion, the defendants were not in default in compliance with any court directive or discovery notice (cf. Shapiro v Fine, 102 AD2d 735). Nor had their counsel engaged in a chronic, extreme pattern of legal delinquency (see, Wiggin v Gordon, 115 Misc 2d 1071). Furthermore, it cannot be inferred solely from the fact the corporate defendants ultimately produced their employees Alan Bush and Lawrence Friedland for depositions that their attorney had intended to deceive Special Term by moving to vacate the plaintiff's notice to depose Alan Bush and others, based upon the former rule that a corporate defendant had the right in the first instance to designate which of its employees would be present at an examination before trial (see, Lotz v Albany Med. Center Hosp., 85 AD2d 836). This rule was changed by the enactment of CPLR 3106 (d), which went into effect on September 1, 1984. Due to the proximity in time between the defendants' motion and the effective date of this amendment, it appears that the attorneys for both parties and Special Term were unaware of the change in the law and that defense counsel was not intentionally deceiving Special Term for the sole purpose of delaying the plaintiff's action.

Special Term's denial, without prejudice, of that branch of

the plaintiff's motion which was to amend his complaint by increasing the ad damnum clause in the first cause of action was not an improvident exercise of discretion. Neither the plaintiff's affidavit nor his attorney's affirmation in support of the application to amend were sufficient to show, prima facie, a basis for the proposed claim for increased brokerage commissions. The basis asserted for said claim was an allegedly higher offer to purchase the subject apartment building, which apparently was made after the commencement of this action. Additionally, the supporting papers did not contain a copy of the proposed amended complaint *(see, Goldner Trucking Corp. v Stoll Packing Corp.,* 12 AD2d 639), setting forth, *inter alia,* factual allegations regarding the subsequent offer, the existence of a brokerage contract and the offerer's compliance with the vendor's terms and conditions of sale. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.