■ METFLEX CORPORATION, Respondent, v ALVIN KLAFTER et al., Appellants.—In an action to recover damages for breach of an employee's fiduciary duty and breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated January 8, 1985, which granted the plaintiff's motion to strike their answer for failure to comply with prior discovery orders, and directed that the matter be set down for an assessment of damages.

Ordered that the order is reversed, without costs or dis-

bursements, and the plaintiff's motion is denied, on condition that within 20 days after the service upon the defendants of a copy of this decision and order, with notice of entry, the defendant Jacob Holstein (1) submits to an examination before trial, (2) provides the plaintiff with authorizations to obtain copies of his tax returns for the years 1976 through 1979, and (3) pays the sum of $1,500 to the plaintiff, and it is further,

Ordered that in the event that these conditions are not complied with, the order is affirmed, with costs.

The defendants ignored the plaintiff's demands and several court orders requiring them to submit to examinations before trial. While the defendants Alvin and Irene Klafter belatedly complied, the defendant Jacob Holstein neither submitted to the examination nor provided the tax returns which the plaintiff had indicated it might accept in lieu of an examination. Despite his claims of ill health, Holstein never substantiated his assertion that he was unable to submit to the oral deposition. He never moved for a protective order, as was suggested by Special Term, and he could not avoid his obligations by claiming that he had not communicated with his counsel (see, Moriates v Powertest Petroleum Co., 114 AD2d 888). His delinquent behavior certainly merited the imposition of sanctions, but since he did provide some proof of his illness, in the form of a doctor's note given to the plaintiff, the sanction of striking the answer was too severe. Under these circumstances, the sanctions we have imposed are more appropriate (see, Shapiro v Fine, 102 AD2d 735; Golden v Transport Taxi & Limousine Serv., 80 AD2d 870; Shannon v Figueroa, 80 AD2d 848; Queens Farms Dairy v Consolidated Edison Co., 63 AD2d 696).

Although the defendants Alvin and Irene Klafter ultimately complied with the plaintiff's demands, and thus would ordinarily not be subject to sanctions (see, Donohue v Central Gen. Hosp., 96 AD2d 570), they are not merely Holstein's codefendants, but his partners as well. As such, they are liable for his wrongful acts (see, Partnership Law § 24) and, like the corporate defendant (see, Donner v 50 Tom Corp., 99 AD2d 504; Ferraro v New York Tel. Co., 94 AD2d 784; Passarelli v National Bank, 81 AD2d 635), can be held accountable for his wrongful conduct in this litigation. They must therefore also bear the responsibility to the plaintiff if Holstein fails once again to satisfy his obligations in this litigation. In that event, striking of their answer would be appropriate. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.