■ JOHN DELANEY et al., Respondents, v NATIONAL BROADCASTING CO., INC., et al., Appellants.—In a libel action, the defendants appeal from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated July 10, 1985, as granted those branches of the plaintiffs' motion which were to compel the defendants to provide the names and addresses of certain witnesses or be precluded from offering evidence with respect thereto, and denied those branches of their motion for a protective order with respect to the names and addresses of those witnesses.

Ordered that the order is affirmed insofar as appealed from, with costs. The defendants' time to supply the names and addresses in question is extended until 10 days after service upon them of a copy of this decision and order, with notice of entry.

On December 16, 1980, the defendant National Broadcasting Co., Inc., televised an allegedly defamatory news broadcast, in which the plaintiffs were accused, *inter alia,* of abandoning their son. On or about January 21, 1981, the plaintiffs commenced the instant libel action against the defendants, and in furtherance thereof, served them with a comprehensive discovery demand requesting, among other things, the names and addresses of persons from whom information was acquired in preparing the broadcast, the names and addresses of all members of the crew involved in filming the report, the names

and addresses of persons who contacted the station complaining about the story's inaccuracies, and the names and addresses of persons who approved the airing of the broadcast. Because the defendants failed to produce the foregoing information, Special Term ultimately precluded the defendants from offering at trial "evidence through or relating to said persons", unless the names and addresses were provided within 30 days after service of the order, with notice of entry.

We find that the sanction imposed by Special Term did not, under the circumstances, constitute an abuse of discretion in view of the dilatory tactics employed by the defendants throughout the entire period of discovery proceedings which had been unnecessarily protracted as a result of their conduct (see, Mancusi v Middlesex Ins. Co., 102 AD2d 846; Donner v 50 Tom Corp., 99 AD2d 504; Passarelli v National Bank, 81 AD2d 635). Mangano, J. P., Lawrence, Weinstein and Eiber, JJ., concur.