■ MICHAEL BERNSTEIN, Respondent, v OPPENHEIM & CO., P. C., et al., Appellants. MICHAEL BERNSTEIN, Respondent, v PARKER CHAPIN FLATTAU & KLIMPL, Appellant.—Judgment of the Supreme Court, New York County (William J. Davis, J.), entered on or about February 1, 1988, which, *inter alia,* denied defendants' respective motions for an order dismissing the complaint in each case, is unanimously modified, on the law, to grant defendants', Oppenheim & Co., P. C. and Jerry Oppenheim, motion to the extent of dismissing the fourth cause of action and dismissing those allegations with respect to the first cause of action concerning (1) defendants' failure to move for summary judgment in plaintiff's cause of action for an accounting in the HOB&B action, (2) defendants' failure to move for a receiver in that action, (3) defendants' failure to move to compel compliance with the prior order of the Supreme Court directing payment of plaintiff's biweekly draw, and further, to grant defendant Parker Chapin Flattau & Klimpl's motion to dismiss the complaint to the extent of dismissing the second cause of action and dismissing those allegations with respect to the first cause of action concerning

(1) defendant's failure to move for summary judgment on plaintiff's cause of action for an accounting, (2) the fact that an associate at defendant rather than the partner who accepted the firm's retention handled much of the litigation, (3) defendant's advice to plaintiff to seek an injunction rather than appointment of a receiver, (4) defendant's failure to move to enforce the payment of plaintiff's biweekly draw, (5) defendant's failure to obtain a protective order, and otherwise affirmed, without costs or disbursements.

Plaintiff's complaint against defendant law firm Oppenheim & Co., P. C. and its principal is based on an allegation that Oppenheim negligently gave plaintiff erroneous advice with respect to a "retirement agreement" and "settlement package" offered him upon the dissolution of the accounting firm Hoffberg, Oberfest, Burger & Burger (HOB&B), of which plaintiff was a partner. The complaint consists of 115 "paragraphs" which detail plaintiff's version of the events and state four "causes of action" for negligence, actual fraud, constructive fraud, and violation of Judiciary Law § 487 by willful delay of the lawsuit to generate excessive fees. Although not specifically related by the complaint to the allegations made therein, the allegations of negligence, fraud and misconduct that can be gleaned from the complaint are as follows:

Plaintiff, through paragraphs numbered 15-19, alleges that defendant Jerry Oppenheim misrepresented his own qualifications as well as the size and abilities of his firm. Paragraphs 44-56 allege that Oppenheim negligently advised plaintiff to commence the lawsuit against the former partners at HOB&B, rather than accept the settlement package, and wrongfully advised him to remove documents and records from the firm. The remainder of the allegations concern plaintiff's dissatisfaction with Oppenheim's conduct of the lawsuit. Plaintiff alleges that Oppenheim failed to enforce the court's direction that plaintiff receive a partial draw, failed to inform the plaintiff that the court ordered him to return documents he removed from HOB&B's offices, and failed to adequately notify plaintiff of, and prepare him for, noticed depositions. Plaintiff's complaint further alleges that Oppenheim failed to take action to place the partnership into receivership or to move for summary judgment on plaintiff's cause of action for an accounting.

Initially, the court did not choose to treat the CPLR 3211 (a) (7) portion of the motion as one for summary judgment. It found that the complaint generally states a cause of action for legal malpractice despite the fact that the underlying dispute

was settled. A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel *(see, Cohen v Lipsig,* 92 AD2d 536). Plaintiff's allegations to the effect that Oppenheim improperly advised him to commence the lawsuit against HOB&B rather than accept their original settlement, and that such action occasioned acceptance of a significantly lower settlement by plaintiff, sufficiently allege that settlement of the action was effectively compelled by defendant counsel's mistakes. In essence, the complaint alleges that the need for the settlement would not have arisen had Oppenheim not wrongfully advised plaintiff to commence the lawsuit in the first place. Thus, settlement of the underlying suit does not compel dismissal.

However, there still remains for resolution the issue of whether the causes of action for legal malpractice are sufficiently stated.

Whether a pleading is sufficient to state a cause of action for legal malpractice may pose a question of law determinable on a motion to dismiss *(Rosner v Paley,* 65 NY2d 736, 738).

An attorney is liable in a malpractice action if it can be proved that his conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession *(Grago v Robertson,* 49 AD2d 645, 646). However, an attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt *(supra).* Thus, "selection of one among several reasonable courses of action does not constitute malpractice" *(Rosner v Paley, supra,* at 738). Absent such "reasonable" courses of conduct found as a matter of law, a determination that a course of conduct constitutes malpractice requires findings of fact *(Grago v Robertson, supra,* at 646). The general rule is that an attorney may be held liable for ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action *(supra).*

Plaintiff's complaint, viewed liberally in his favor, alleges essentially that Oppenheim's conduct fell below acceptable standards, i.e., he was negligent in that he misread the retirement agreement as a partnership agreement, erroneously concluded that the partnership was already dissolved as opposed to being in the winding-up stage, and erroneously advised plaintiff to commence a lawsuit rather than accept a lucrative settlement package. There are also further allega-

tions concerning Oppenheim's failure to properly protect plaintiff's interests and inform him of his obligations during the suit, and allegations that Oppenheim advised plaintiff to engage in what amounted to wrongful conduct, i.e., the removal of records and failure to comply with court directions to return them.

Defendant Oppenheim has submitted affidavits and documents to evidence that plaintiff is less than a cooperative client, has disputed bills presented by three former counsel in this action, and alleged malpractice only after presentation of the bills. Such submissions only raise questions of fact as to whether plaintiff's alleged lack of cooperation caused the alleged conduct of the respective counsel. Thus, the issue of the credibility of witnesses involved in determining whether, *inter alia,* Oppenheim advised plaintiff to remove records and failed to inform him of the court's direction to return them, or whether plaintiff himself removed them and failed to heed Oppenheim's demands that they be produced, is not properly for the court to resolve on a motion to dismiss.

However, we note that some of plaintiff's allegations concerning defendant's conduct of the litigation itself are simply dissatisfaction with strategic choices, and thus, as noted above, do not support a malpractice claim as a matter of law. These contentions are: plaintiff's allegation that Oppenheim failed to move for summary judgment on plaintiff's cause of action for an accounting, and plaintiff's allegation that Oppenheim negligently failed to move to have a receiver appointed. Examination of the pleadings in the HOB&B action shows that both parties requested an accounting. Thus, a summary judgment motion to compel an accounting would have been redundant. Further, the allegations that Oppenheim failed to take action to enforce Justice Altman's May 26, 1987 order directing payment to plaintiff of a biweekly draw do not support the malpractice claim, since the complaint and plaintiff's affidavit in opposition to defendant's motion to dismiss admit plaintiff received one or two payments and that Oppenheim's representation of plaintiff was terminated on July 17, 1987. Thus, the allegation of defendant Oppenheim's failure to move for contempt at that point cannot sustain a claim of negligence since plaintiff's own allegations show that Oppenheim was no longer his counsel at the later date, when such a motion might have been required. Thus, while there are allegations which sustain the first cause of action generally, the first cause of action should have been dismissed insofar as it refers to the conduct of the litigation discussed above, namely: (1) the failure to

move with respect to an accounting; (2) the failure to move to appoint a receiver; and (3) the failure to move to enforce the order directing payment of plaintiff's biweekly draw.

The IAS court sustained plaintiff's fourth cause of action seeking damages pursuant to Judiciary Law § 487, finding that plaintiff sufficiently alleged that defendant purposefully delayed the lawsuit for his own personal gain. Judiciary Law § 487 (2) provides, in pertinent part, that an attorney who "[w]ilfully delays his client's suit with a view to his own gain" is guilty of a misdemeanor and may be liable in treble damages.

Plaintiff's fourth cause of action states, in pertinent part, that: "Defendant Jerry Oppenheim, by his conduct as above alleged, wilfully delayed the lawsuit with a view to his own gain through the generation of excessive and unnecessary legal fees." The specific allegations of the complaint show that Oppenheim represented plaintiff for only three months (Apr. 17, 1987 to July 17, 1987). During that period, he took significant action, including obtaining an order directing payment to plaintiff of a biweekly draw. Further, the narrative allegations of the complaint and the other causes of action show, in toto, that plaintiff was apparently dissatisfied with Oppenheim because the firm did not take *more* action, which would have necessarily generated more fees. Therefore, the fourth cause of action, which conclusorily alleges a violation of Judiciary Law § 487, should have been dismissed for failure to state a cause of action, as it is wholly unsupported by the allegations of the complaint to which it refers *(cf., Bridges v 725 Riverside Dr.,* 119 AD2d 789).

The second and third causes of action alleging fraud and deceit and constructive fraud and deceit, respectively, were sustained by the IAS court. Oppenheim sought dismissal of these causes of action on both CPLR 3211 (a) (7) grounds and upon the ground that the allegations failed to allege fraud with sufficient specificity, as required by CPLR 3016 (b). The fraud causes of action are based on the alleged misrepresentations by Oppenheim with respect to his own qualifications and expertise and as to the size and abilities of his firm. The court found that all of the elements of fraud were stated with sufficient specificity.

A cause of action for fraud and deceit cannot be maintained unless it alleges misrepresentation of a present or preexisting fact known to be untrue by the party making it, with the intent to deceive and for the purpose of inducing the other

party to act upon it, causing injury *(Roney v Janis,* 77 AD2d 555, 556, *affd* 53 NY2d 1025).

The allegations of the complaint were (1) that Oppenheim represented that he had experience in partnership law and that his firm had at least eight attorneys and would properly represent the plaintiff; (2) that plaintiff relied on these representations; and (3) that plaintiff was damaged. It is not alleged that defendant intended to deceive the plaintiff, but since the complaint specifies the transactions, that element can be inferred, and the causes of action are adequately stated.

With respect to Oppenheim's arguments that sufficient evidence was submitted pursuant to CPLR 3211 (a) (1) to establish a defense based upon documentary evidence to the malpractice claim, the submissions, at best, raised issues of fact. In order to prevail upon such a defense, the documents relied upon must definitively dispose of the plaintiff's claim *(Greenwood Packing Corp. v Associated Tel. Design,* 140 AD2d 303, 304), and the IAS court correctly concluded that none of the plaintiff's claims which have been sustained by us were completely disposed of by defendant's submissions.

Finally, defendant's estoppel argument was properly rejected by the nisi prius court. While plaintiff's motion, made in another action brought by defendant seeking payment of fees, sought to amend an answer to include counterclaims identical to the causes of action asserted herein, and was denied by the IAS court in that action, the counterclaims were not rejected on the merits, but rather, for failure to be stated in a concise manner pursuant to CPLR 3014.

Plaintiff's complaint against defendant Parker Chapin Flattau & Klimpl (Parker, Chapin), the attorneys who succeeded defendant Oppenheim in representing plaintiff, alleges only two causes of action at the end of its narrative. The first is a general claim that he was damaged by reason of Parker, Chapin's negligence as outlined in its narrative allegations. The second cause of action consists of an identical claim based upon Judiciary Law § 487 found in the fourth cause of action alleged against Oppenheim.

Again, as in the Oppenheim motion, the court did not choose to treat the motion as one for summary judgment, and neither party requested that relief.

Initially, the second cause of action, based upon violation of Judiciary Law § 487, should have been dismissed for the same reasons that mandated dismissal of the identical fourth cause of action asserted against Oppenheim & Co., P. C., and Oppen-

heim. Here, as there, the cause of action is stated in a wholly conclusory fashion and is not supported by the specific allegations of the complaint to which the general language of the cause of action refers. Indeed, review of the complaint reflects that there are no specific allegations of willful delay and that, to the contrary, defendant Parker, Chapin was moving the action forward (cf., *Bridges v 725 Riverside Dr., supra*).

Plaintiff's first cause of action alleging malpractice is based on the 39th paragraph narrative which details plaintiff's dissatisfaction with Parker, Chapin's conduct of the suit commenced by Oppenheim & Co., P. C. Plaintiff asserts many of the same allegations as were asserted against Oppenheim. To the extent, however, that this malpractice first cause of action is based on the failure on the part of Parker, Chapin to move for summary judgment in the HOB&B suit on the cause of action for an accounting, it is deficient for the same reasons given above with respect to the assertion of the same claim against Oppenheim & Co.: the matter involves litigation strategy and the choice between various reasonable courses of action (*Rosner v Paley, supra,* at 738). Further, it is apparent from the record that an accounting was requested by both parties and was inevitable without such a motion.

To the extent that the malpractice claim is based upon the fact that Parker, Chapin's associate, as opposed to its partner, handled the case, no cause of action is stated since there is no allegation of a representation that a particular partner would try the case (cf., *Becker v Julien, Blitz & Schlesinger,* 66 AD2d 674, *lv dismissed* 47 NY2d 761). The fact that it advised plaintiff to seek an injunction as opposed to moving for the appointment of a receiver once again relates solely to various reasonable courses of action and, as such, is deficient as a matter of law.

The allegation that Parker, Chapin failed to move to enforce the payment of plaintiff Bernstein's biweekly draw is completely disposed of by documentary evidence submitted by defendants. Thus, the record contains a motion to hold HOB&B in contempt for failure to pay the draw and an affidavit signed by plaintiff in support of that motion.

Further, to the extent that the complaint alleges malpractice based on the failure of Parker, Chapin to obtain a protective order, the record reflects that Parker, Chapin was retained on July 17, 1987, and expeditiously moved for such a protective order.

However, to the extent that the malpractice action is based on alleged omissions by Parker, Chapin in keeping plaintiff

apprised of the lawsuit and failing to obtain discovery, a cause of action is stated. Moreover, the documentary evidence submitted as to these allegations merely raises issues of fact rather than finally disposing of them. Concur—Kupferman, J. P., Asch, Kassal and Smith, JJ.