■ SAMUEL GONZALEZ et al., Respondents, v GLORIA GORDON, Doing Business as CADO CAPITAL Co., et al., Defendants, and AARON GELBWAKS, Appellant. [649 NYS2d 701] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered October 25, 1995, which, after a nonjury trial, *inter alia*, awarded plaintiff money damages upon a finding that defendant attorney engaged in an impermissible conflict of interest and disbursed approximately $39,000 in client escrow finds without authority, unanimously modified, on the law, to the extent of vacating the awards of treble damages under Judiciary Law § 487 on the first and second causes of action, and otherwise affirmed, without costs.

There is ample evidence to support the trial court's finding that defendant attorney engaged in an impermissible conflict of interest by simultaneously representing plaintiff and Sagefil Development Corp. in a loan transaction, while having an undisclosed adverse personal interest in the transaction by virtue of his having previously personally guaranteed nearly $500,000 in loans to Sagefil. Sufficient credible evidence was also presented to support the conclusion that defendant disbursed approximately $39,000 in escrow funds being held on behalf of plaintiff, without plaintiff's authority. However, the record is devoid of proof that defendant "engaged in a chronic, extreme pattern of legal delinquency", needed to support the trial court's award of treble damages pursuant to Judiciary Law § 487 (*Bridges v 725 Riverside Dr.*, 119 AD2d 789, citing *Wiggin v Gordon*, 115 Misc 2d 1071). In particular, there is no evidence that defendant defrauded plaintiff or engaged in conduct intended to deceive. We have considered defendant-appellant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Rubin and Mazzarelli, JJ.