08-3096-cv
*McCord v. O'Neill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
>
> LEWIS A. KAPLAN,[*]
> > *District Judge.*

---

MARK A. MCCORD,
> *Plaintiff-Appellant,*

   -v.-                          No. 08-3096-cv
                                 Summary Order

MICHAEL G. O'NEILL,
> *Defendant-Appellee,*

---

> Mark A. McCord, *pro se*, Brooklyn, NY.
>
> Scott E. Kossove, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY *for Defendant-Appellee.*

---

[*]Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Mark A. McCord, *pro se*, appeals the district court's grant of Defendant-Appellee Michael G. O'Neill's motion for summary judgment, dismissing McCord's claim for legal malpractice arising from O'Neill's representation of McCord in a prior employment discrimination case, *Hill v. Airborne Freight Corp.*, E.D.N.Y. Dkt. No. 98-cv-6249. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, to the extent McCord asserts on appeal that O'Neill is liable for legal malpractice because of an alleged "conflict of interest," we decline to consider this or any related arguments, as McCord did not raise these issues below. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976) (recognizing the well established general rule that a court of appeals will not consider an issue raised for the first time on appeal); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)).

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment

is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Construing all the facts in McCord's favor, an independent review of the record shows that the district court properly granted O'Neill's motion for summary judgment. "To state a claim for legal malpractice under New York law, a plaintiff must allege: (1) attorney negligence; (2) which is the proximate cause of a loss; *and* (3) actual damages." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006). Under this standard, "[a] complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." *Id.* (quoting *Rosner v. Paley*, 481 N.E. 2d 553, 554 (N.Y. 1985)). And, in general, "an attorney may only be held liable for 'ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action.'" *Id.* (quoting *Bernstein v. Oppenheim & Co.*, 554 N.Y.S.2d 487, 489-90 (N.Y. App. Div. 1st Dep't 1990)).

Here, McCord's malpractice claim rested on the allegation that O'Neill's failure to contact Ron Lawrence, another employee of McCord's former employer, as a possible witness constituted negligence, and that, had Lawrence been a witness in his case, the district court would not have granted Airborne's motion for judgment of a matter of law and dismissed McCord's discrimination claims. O'Neill met his initial burden of demonstrating that his decision was a reasonable strategic choice by showing that the only information regarding Lawrence in McCord's possession at the time was Lawrence's "Summary of Disciplinary/Attendance History." This document showed that Lawrence, a Caucasian, had received much the same disciplinary treatment as McCord, undermining McCord's contention that calling Lawrence would have enabled him to demonstrate that his employer treated him less favorably than a similarly situated employee outside of his protected

3

group.  *See Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).  As the district court correctly observed, McCord adduced no evidence in response suggesting that O'Neill's failure to contact Lawrence was negligent, or that this decision could have proximately resulted in the court's unfavorable decision in *Hill*.

We have considered all of McCord's other arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4