538 Morgan Realty LLC v Law Off. of Aihong You, PC (2025 NY Slip Op 06639)

538 Morgan Realty LLC v Law Off. of Aihong You, PC

2025 NY Slip Op 06639

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 153886/23|Appeal No. 5270|Case No. 2024-05101|

[*1]538 Morgan Realty LLC, et al., Plaintiffs-Appellants,
v
The Law Office of Aihong You, PC, et al., Defendants-Respondents.

Dorsey & Whitney LLP, New York (Jeremy E. Deutsch of counsel), for appellants.
Kaufman Borgeest & Ryan LLP, New York (Brennan P. Breeland of counsel), for The Law Office of Aihong You, PC and Aihong You, respondents.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jamie R. Wozman of counsel), for Joseph & Smargiassi LLC, John Smargiassi and Mario Alexis Joseph, respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about July 17, 2024, which granted defendants' separate motions to dismiss the complaint, unanimously modified, on the law, to deny the motion of defendants The Law Office of Aihong You, PC and Aihong You (the You defendants) to the extent it seeks dismissal of that portion of the complaint premised on defendants' failure to challenge the enforceability of a liquidated damages clause, and that claim reinstated, and otherwise affirmed, without costs.
Plaintiffs alleged facts permitting a reasonable inference that the liquidated damages clause would have been found unenforceable had the You defendants timely challenged it in the underlying action (see generally Bates Adv. USA, Inc. v. 498 Seventh, LLC, 7 NY3d 115, 120 [2006]; Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 423-25 [1977]). Plaintiffs adequately pleaded that contract damages could have been readily ascertained by deducting the contract price from the fair market value of the property at the time of the breach (see generally White v Farrell, 20 NY3d 487, 489 [2013]), obviating the need to resort to liquidated damages, and/or that the liquidated damages amount was grossly disproportionate to any potential actual damages. Moreover, the testimony of the contracting parties' representatives that the liquidated damages clause constituted a "punishment" or "penalty" supports plaintiffs' claims that the clause was unenforceable, as well as plaintiffs' allegations that the You defendants advised them that the liquidated damages clause was unenforceable.
The contract's statements that "Purchaser's damages in case of Seller's default might be impossible to ascertain" and that the liquidated damages amount was "a fair and reasonable amount of damages under the circumstances" are not dispositive (see Truck Rent-A-Ctr., 41 NY2d at 425).
Plaintiffs also alleged facts permitting a reasonable inference that had the liquidated damages clause been deemed unenforceable, the damages awarded at trial (which were largely based on the liquidated damages amount) would have been significantly reduced, and given plaintiffs greater leverage in settlement negotiations (cf. Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1st Dept 1990] [claim for malpractice stated where counsel's mistakes compelled settlement]).
Plaintiffs did not, however, adequately plead a legal malpractice claim against defendants Joseph & Smargiassi, LLC, John Smargiassi, and Mario Alexis Joseph (the JS defendants) with respect to the alleged negligent failure to challenge the liquidated damages clause. The JS defendants were not retained until four years after the motion to dismiss was decided, an amended complaint filed and answered, and approximately seven months after the note of issue was filed. Plaintiffs argue that defendants should have filed a summary judgment motion seeking dismissal of the claim for liquidated damages; however, by the time the JS defendants were retained, the time to file such a motion had already expired (see CPLR 3212[a]). Although a court may grant leave to file a late summary judgment motion "on good cause shown" (CPLR 3212[a]), the You defendants had already moved to vacate the note of issue and to file a late summary judgment motion, and those motions were denied.
Further, the legal malpractice claim was properly dismissed as against all defendants to the extent that it was premised on their alleged failure to take measures beyond the motion to dismiss to shield the individual plaintiffs from personal liability in the underlying action on the conversion claim. Plaintiffs failed to allege facts permitting a reasonable inference that any motion to establish that they lacked "complete domination and control" over their entity would have been successful (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993]; Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]). Further, that defendants may have promised to file such a motion is not sufficient. The court in the underlying action found that the allegations in the complaint supported a piercing the corporate veil theory, and the testimony at trial showed that the individual plaintiffs personally received the contract prepayment amount. The trial court's comments at the
posttrial hearing do not give any indication as to how it would have ruled had the issue of personal liability actually been before it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025