(December 9, 1991)

■ BELL-TRONICS COMMUNICATIONS, INC., Respondent, v RONALD WINKLER et al., Defendants, and DLC COMMERCIAL CORP., Appellant.—In an action, inter alia, to recover payment for goods sold and delivered, the defendant DLC Commercial Corp. appeals from (1) an order and judgment (one paper) of

the Supreme Court, Nassau County (Levitt, J.), entered December 15, 1989, which, upon granting the plaintiff's motion for summary judgment on the second cause of action asserted against it in the complaint, is in favor of the plaintiff and against it in the principal sum of $23,003.13, and (2) an order of the same court, dated February 27, 1990, which denied its motion for reargument of the plaintiff's motion for summary judgment.

Ordered that the appeal from the order dated February 27, 1990, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment entered December 15, 1989, is modified, on the law, by deleting therefrom the provision awarding damages to the plaintiff; as so modified, the order and judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the value of the telephone system returned to the plaintiff and a recomputation of the damages to be awarded to the plaintiff based upon the deduction from $23,003.13 of an amount equal to the value of the returned telephone system, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that the appellant is awarded one bill of costs.

DLC Commercial Corp. (hereinafter DLC) contends, *inter alia,* that the Supreme Court erred when it granted summary judgment in favor of Bell-Tronics Communications, Inc. (hereinafter Bell-Tronics) on the second cause of action asserted in the complaint, for goods purchased by DLC and delivered to RMW Management. We find that the court properly granted summary judgment on the second cause of action and the court properly dismissed the affirmative defenses asserted by DLC. In support of its motion for summary judgment, the president of Bell-Tronics, Vincent. Bellafiore, submitted an affidavit in which he stated that DLC ordered a telephone system from Bell-Tronics to be delivered to RMW Management, that the telephone system was delivered to RMW Management, and that Bell-Tronics billed DLC $23,003.13, the contract price for the system. Bellafiore additionally stated that DLC never objected to the amount demanded. In further support of its motion for summary judgment, Bell-Tronics submitted a copy of the purchase order in which DLC ordered a telephone system from Bell-Tronics to be delivered to RMW Management, for the price of $23,003.13, including tax, coupled with a copy of the invoice subsequently forwarded to DLC.

In response to Bell-Tronics' motion for summary judgment, DLC failed to raise any issue of fact. Instead, DLC argued that it was not liable since it merely financed the transaction between Bell-Tronics and RMW Management. DLC, however, did not deny any of the assertions by Bell-Tronics; nor did DLC challenge the validity of any of the documents submitted by Bell-Tronics in support of its motion for summary judgment. As a result of DLC's failure to raise any triable issues of fact in opposition, we find that the Supreme Court properly granted Bell-Tronics' motion for summary judgment on the second cause of action (see, Zuckerman v City of New York, 49 NY2d 557, 562).

We also find that the Supreme Court, in its order dated February 27, 1990, properly treated DLC's motion as one for reargument of the motion for summary judgment. DLC failed to demonstrate any new facts that were not known to it at the time of the original motion. Nor did DLC provide the court with any excuse for its failure to present these facts at the time of the motion for summary judgment (see, Tobjy v Tobjy, 163 AD2d 303, 304; Matter of Kadish v Colombo, 121 AD2d 722; CPLR 2221; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.03). Therefore, the appeal from the order dated February 27, 1990, is dismissed, as no appeal lies from an order denying a motion for reargument.

Turning to the issue of damages, we note that the record indicates that the used telephone system was subsequently returned to Bell-Tronics. In view of the foregoing, an award to Bell-Tronics of an amount equal to the full purchase price of the telephone system would be excessive. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of the value of the returned telephone system, and direct that this value be deducted from the judgment in favor of Bell-Tronics.

DLC's remaining contentions are either unpreserved for appellate review or without merit (see, CPLR 5501 [a] [3]). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.