■ PASQUALE MANNA, Appellant, v PAUL R. ADES, Respondent. (Action No. 1.) MANNA FUEL OIL CORP., Appellant, v PAUL R. ADES, Respondent. (Action No. 2.) [655 NYS2d 412] — In related actions to recover damages, *inter alia*, for fraud and violation of Judiciary Law § 487 (1), (1) Pasquale Manna, the plaintiff in Action No. 1 appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered January 3, 1996, in Action No. 1, which, upon an order granting the defendant's motion to dismiss, dismissed the complaint, and (2) Pasquale Manna and Manna Fuel Oil Corp., the plaintiffs in Actions Nos. 1 and 2 appeal (a) as limited by their brief, from so much of an order of the same court, dated August 15, 1994, as directed the defendant in both actions to produce certain files for in camera inspection, (b) from an order of the same court, dated December 30, 1994, which, following an in camera inspection, determined that certain of the defendant's documents constituted attorney work product and were exempt from disclosure, (c) from a decision of the same court, dated February 1, 1995, which denied their request that the court identify those documents it deemed exempt from disclosure, and (d) as limited by their brief, from so much of an order of the same court, dated December 13, 1995, as denied the branch of their cross motion which was for reargument of the order dated December 30, 1994.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeals from the orders dated August 15, 1994, and December 30, 1994, are dismissed for failure to provide an adequate record on the appeals (*see*, CPLR 5526; 22 NYCRR 670.10 [b]); and it is further,

Ordered that the appeal from the decision dated February 1, 1995, is dismissed, as no appeal lies from a decision (*see, Ojeda v Metropolitan Playhouse*, 120 AD2d 717); and it is further,

Ordered that the appeal from order dated December 13, 1995, is dismissed insofar as appealed from, as no appeal lies from an order denying reargument; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the orders dated August 15, 1994, and December 30, 1994, must be dismissed because the appellants failed to include in the record the papers and other exhibits upon which the orders were founded (*see*, CPLR 5526; 22 NYCRR 670.10 [b]; *Matter of Matthews v Board of Elections*,

119 AD2d 783). The plaintiffs' motion denominated as a motion for reargument and renewal was not based upon new facts which were unavailable at the time of the original motion and was therefore actually a motion to reargue, the denial of which is not appealable (*see, Huttner v McDaid*, 151 AD2d 547; *Mgrditchian v Donato*, 141 AD2d 513). Therefore, the appeal from so much of the order dated December 13, 1995, as denied that motion must be dismissed (*see, Jacondino v Lovis*, 186 AD2d 109, 110; *Bell-Tronics Communications v Winkler*, 178 AD2d 455, 457).

The court properly dismissed the complaint in Action No. 1. Pasquale Manna, the plaintiff in Action No. 1 did not and cannot allege reliance which is an essential element of a cause of action for common-law fraud (*see, Jo Ann Homes v Dworetz*, 25 NY2d 112; *Lazich v Vittoria & Parker*, 189 AD2d 753). Similarly, Manna's claim that the defendant violated Judiciary Law § 487 (1) must fail as he concedes that he was not deceived by the defendant's alleged false statements and fraud (*see, Guardian Life Ins. Co. v Handel*, 190 AD2d 57, 61-62). To the extent that Manna claims that the defendant's alleged deceitful conduct in violation of Judiciary Law § 487 (1) was directed at the court, the alleged misconduct occurred during the course of a prior judicial proceeding, and Manna seeks damages for acts which allegedly occurred before that proceeding commenced. Manna therefore failed to demonstrate the existence of any damages proximately caused by a deceit allegedly perpetrated on the court (*see, Di Prima v Di Prima*, 111 AD2d 901). Finally, the complaint does not adequately plead a cause of action for prima facie tort (*see, Michalic v Klat*, 128 AD2d 505). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.