**38** GERARD O'CONNOR, Appellant, v DIME SAVINGS BANK OF NEW YORK, F.S.B., et al., Respondents. [696 NYS2d 477] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered March 2, 1998, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, *inter alia,* to recover damages for fraud against the defendant Dime Savings Bank of New York, F.S.B., and its attorneys based on an allegation that the defendants filed a false affidavit of service in a foreclosure action in order to obtain a deficiency judgment against him. The Supreme Court properly dismissed the complaint insofar as it alleged a common-law fraud cause of action. Even assuming that the defendants intentionally filed a false affidavit of service, the plaintiff cannot establish justifiable reliance on the alleged misrepresentation, an essential element of a fraud cause of action (*see, Manna v Ades,* 237 AD2d 264; *Lazich v Vittoria & Parker,* 189 AD2d 753; *Burke v Owen,* 168 AD2d 722). Clearly, the plaintiff did not rely on the allegedly false affidavit of service, but retained counsel to contest its validity. Moreover, since the motion for a deficiency judgment was ultimately withdrawn by the defendants with prejudice, the plaintiff cannot establish that he suffered pecuniary damage as a result of any purported reliance on the misrepresentation (*see, Wall St. Transcript Corp. v Ziff Communications Co.,* 225 AD2d 322; *Chiarello v Harold Sylvan, P. C.,* 161 AD2d 948; *see*

*also, Nager Elec. Co. v E. J. Elec. Installation Co.,* 128 AD2d 846).

The Supreme Court properly determined that any cause of action based on Judiciary Law § 487 was time-barred (*see, Lefkowitz v Appelbaum,* 258 AD2d 563; *Kuske v Gellert & Cutler,* 247 AD2d 448). In any event, such a cause of action must fail, as the plaintiff cannot establish that he was deceived by the allegedly false affidavit of service, or that he suffered any damages which were proximately caused by the deceit allegedly perpetrated on him or on the court (*see, Manna v Ades, supra*; *see also, Parks v Leahey & Johnson,* 81 NY2d 161; *Werner v Katal Country Club,* 234 AD2d 659). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.