■ PHILLIPS-SMITH SPECIALTY RETAIL GROUP II, L.P., et al., Respondents-Appellants, v PARKER CHAPIN FLATTAU & KLIMPL,

L. L. P., Appellant-Respondent, and AKIN, GUMP, STRAUSS, HAUER & FELD, L. L. P., Respondent. [696 NYS2d 150] —Order, Supreme Court, New York County (Richard Braun, J.), entered March 6, 1998, which denied the motion of defendant Parker Chapin Flattau & Klimpl, L. L. P. for summary judgment dismissing the amended complaint against it, unanimously reversed, on the law, without costs or disbursements, the motion granted and the amended complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered March 6, 1998, which, *inter alia*, granted plaintiffs' motion to compel the production of certain documents, unanimously dismissed, without costs or disbursements, as academic. Order, same court and Justice, entered September 3, 1998, which, *inter alia*, awarded summary judgment in favor of defendant Akin, Gump, Strauss, Hauer & Feld, L. L. P. dismissing the amended complaint against it, severed the remainder of the action and directed it to continue and ordered Parker Chapin to produce certain documents, brought up for review by plaintiffs' appeal from the order of said court and Justice entered March 6, 1998, and appealed directly by defendant Parker Chapin, unanimously modified, on the law, without costs or disbursements, to vacate the provisions of the order providing for severance and continuation of the action and compelling the production of documents as academic, and the order otherwise affirmed, without costs or disbursements. Cross-appeal by defendant Akin Gump from said order withdrawn.

In this action for legal malpractice, plaintiffs seek damages in connection with defendants' alleged negligence in delaying to perfect the security interest that Valley Advisors, Inc. granted to plaintiffs in consideration of a $2,000,000 loan. The IAS Court denied Parker Chapin's motion for summary judgment, concluding that it could not be determined on the motion whether Parker Chapin's actions, which, the court held, constituted malpractice, were the proximate cause of plaintiffs' damages. The court found "factual issues that require a trial * * * such as whether [p]laintiffs would have pursued another course or other courses of action if the lien had been properly perfected." The court dismissed the action, however, as to Akin Gump, concluding, as to that defendant, that it had shown that it was not negligent and that plaintiffs had failed to demonstrate that there are any issues of fact requiring a trial.* While we agree with the IAS Court that the complaint should have

---

* On Parker Chapin's motion for renewal and reargument as to the order dated February 21, 1998 and entered March 6, 1998, which dismissed the ac-

been dismissed as to Akin Gump, in our view, Parker Chapin's motion for summary judgment should also have been granted.

Contentions underlying a claim for legal malpractice which are "couched in terms of gross speculations on future events and point to the speculative nature of plaintiffs' claim" are insufficient as a matter of law to establish that defendants' negligence, if any, was the proximate cause of plaintiffs' injuries. (*Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292, 294; *see also, John P. Tilden, Ltd. v Profeta & Eisenstein*, 236 AD2d 292.) Thus, assuming that defendants were negligent in perfecting plaintiffs' security interests in Valley Advisors' assets, plaintiffs cannot establish that such negligence proximately caused any injury to plaintiffs. Nor can plaintiffs show that defendants' actions were a proximate cause of any loss to them, since the hypothetical course of events on which any determination of damages would have to be based, involving the nature and timing of acts by plaintiffs themselves, other parties having interests in Valley Advisors and the bankruptcy court, constitutes a chain of "gross speculations on future events" (*Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman, supra*, at 294) which is incapable of proof. In granting Akin Gump's request to withdraw its cross-appeal, we note that a party, acting in good faith, has a right to withdraw an appeal so long as no conditions are attached.

We have considered the parties' other claims and find that they are without merit. Concur—Sullivan, J. P., Nardelli, Tom and Wallach, JJ.

---

tion as to Akin Gump, the court granted the limited relief of clarifying the earlier decision and order to indicate that Parker Chapin's cross-claims against Akin Gump have not been dismissed.