■ Sally Siegel, Appellant, v Werner & Zaroff, P. C., et al., Respondents. [704 NYS2d 570] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 22, 1999, which, in an action for legal malpractice, granted defendants' motion to dismiss the complaint on the ground of res judicata, unanimously affirmed, with costs.

Plaintiff retained defendants to prosecute a personal injury action during the course of which she discharged them, allegedly because their handling of the case was neglectful and incompetent. New counsel settled the action, creating proceeds against which defendants asserted a charging lien. Plaintiff made a motion in the personal injury action to extinguish the charging lien on the ground that her discharge of defendants was for cause, which motion was resolved by an open court stipulation dividing the 25% contingency fee 60% to new counsel and 40% to defendants. A subsequent motion by plaintiff to vacate the stipulation was denied, and, on appeal,

the Second Department affirmed with comment that plaintiff's new attorneys had the authority to enter into the stipulation (*Siegel v Ocean Park Hous. Co.*, 248 AD2d 459). The instant malpractice action, which seeks to recover the precise amount awarded to defendants under the stipulation, was properly dismissed on the ground of res judicata. Notwithstanding the recital in the history segment of the Second Department's decision that the personal injury court had "grant[ed] that branch of [plaintiff's] motion which was to dismiss the respondent former attorney for just cause" (*supra*, at 459), no record showing is made of such a ruling, and it is clear that the personal injury court impliedly did just the opposite by approving an agreement as to defendants' fee that it had mediated, and then explicitly upholding that agreement against a formal motion to rescind it. It also appears that plaintiff herself believed that no such ruling had been made, her brief to the Second Department having argued that the personal injury court erred in ruling "that the respondents should not be removed for just cause". As the IAS Court held in this action, by awarding a fee to defendants, the personal injury court necessarily decided that there was no legal malpractice, and thus the instant action is barred by res judicata (*see, Summit Solomon & Feldesman v Matalon*, 216 AD2d 91, 92, *lv denied* 86 NY2d 711). Concur—Williams, J. P., Ellerin, Rubin and Saxe, JJ.