■ ADRIENNE M. LEFKOWITZ, Appellant, v SCHULTE, ROTH & ZABEL, Respondent. [718 NYS2d 859] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 28, 1999, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion to dismiss the complaint. In contesting the defendant's fee in a related proceeding in the Surrogate's Court, the plaintiff, *inter alia,* asserted a counterclaim sounding in legal malpractice. By virtue of the Surrogate's decree fixing the value of the defendant's services, the court necessarily concluded that there was no malpractice (*see, Koppelman v Liddle, O'Connor, Finkelstein & Robinson,* 246 AD2d 365; *Pirog v Ingber,* 203 AD2d 348; *Grace & Co. v Tunstead, Schechter & Torre,* 186 AD2d 15; *Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143; *Kagan Meat & Poultry v Kalter,* 70 AD2d 632). Accordingly, the plaintiff's legal malpractice claims based upon the same services at issue before the Surrogate's Court are barred by the doctrines of collateral estoppel and res judicata (*see, Ryan v New York Tel. Co.,* 62 NY2d 494). Bracken, Acting P. J., O'Brien, Florio and McGinity, JJ., concur.