■ IZKO SPORTSWEAR CO., INC., et al., Appellants, v NEIL R. FLAUM et al., Respondents. [798 NYS2d 136]—

In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 9, 2003, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, (2) a judgment of the same court entered January 9, 2004, which, upon the order, dismissed the complaint, and (3) and order of the same court dated April 20, 2004, which denied their motion, denominated as one to vacate the order dated December 9, 2003, and for leave to reargue, which was, in fact, a motion for leave to reargue only.

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the plaintiffs' third cause of action alleging a violation of Judiciary Law § 487 and substituting therefore a provision severing the third cause of action from the other two causes of action; as so modified, the judgment is affirmed, without costs or disbursements, the provision of the order dated December 9, 2003, granting that branch of the defendants' motion which was to dismiss the plaintiffs' third cause of action alleging a violation of Judiciary Law § 487 is vacated, that branch of the motion is denied, and the third cause of action is reinstated.

The appeal from the intermediate order dated December 9, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). The appeal from the order dated April 20, 2004, must be dismissed as no appeal lies from an order denying reargument.

On August 9, 1997, the plaintiffs' business sustained damage from a fire. As a result, the corporate plaintiff Izko Sportwear

Co., Inc. (hereinafter Izko), was unable to pay its rent to its landlord Heartland Rental Properties Partnership (hereinafter Heartland), and Heartland sued Izko to recover for unpaid rent. In November 1997 Izko's president, the plaintiff Ira Soblick, consulted the defendant bankruptcy attorneys, Neil R. Flaum and Neil R. Flaum, P.C. In January 1998 the defendants filed a petition for reorganization of Izko pursuant to chapter 11 of the 1978 Bankruptcy Code (11 USC).

On or about February 17, 1998, Izko sought permission from the Bankruptcy Court to retain the defendants to prosecute the bankruptcy proceeding. In support of the application to the Bankruptcy Court, the defendant Neil R. Flaum submitted an affirmation stating that "[n]either I nor any members of my firm have any connection with [Izko], its creditors, or any other party in interest or their respective attorneys or accountants." By order dated March 24, 1998, the Bankruptcy Court granted the application.

The defendants continued to act as Izko's bankruptcy attorneys until May 8, 2000, when they consented to substitution of new counsel for Izko, as the debtor. The parties stipulated to the defendants' fee, which was approved by the Bankruptcy Court on May 31, 2000.

The plaintiff Ira Soblick claims that over two years later, in June 2002, the plaintiffs first learned that the defendants previously represented their creditor Heartland in several bankruptcy matters in the 1990's. According to Soblick, in June 2002 the plaintiffs discovered that the defendant Neil R. Flaum advised Heartland in late 1997 that Izko was contemplating declaring bankruptcy and secured Heartland's opinion that it did not deem it a conflict of interest. The plaintiffs claim that no one ever advised them of this conflict or potential conflict. Further, they claim that the defendants, by revealing to Heartland that Izko was considering bankruptcy, revealed confidential information which affected Heartland's prosecution of its pending action against Izko to recover for unpaid rent.

The instant action was commenced in 2003. The first two causes of action allege legal malpractice damaging Izko and legal malpractice damaging Ira Soblick as third-party beneficiary of Izko's agreement with the defendants. These causes of action are barred by res judicata and collateral estoppel, since the Bankruptcy Court, in approving the defendants' fee in the bankruptcy proceeding, necessarily determined that the fee was appropriate and that there was no malpractice (*see Lefkowitz v Schulte, Roth & Zabel*, 279 AD2d 457 [2001]; *Best v Law Firm of Queller & Fisher*, 278 AD2d 441, 442 [2000]; *Siegel v Werner*

& *Zaroff,* 270 AD2d 119, 119-120 [2000]; *Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143, 144 [1980]; *see also* 11 USC § 330).

The plaintiffs' third cause of action alleged that the defendants violated Judiciary Law § 487 by intentionally deceiving them and the Bankruptcy Court with respect to the defendants' connection with Heartland. This cause of action was not barred by the doctrines of res judicata or collateral estoppel since the defendants allegedly deceived the Bankruptcy Court as well as the plaintiffs, and the plaintiffs contend that the alleged deceit was not revealed until after the Bankruptcy Court rendered its determination.

A violation of Judiciary Law § 487 may be established "either by the defendant's alleged deceit *or* by an alleged chronic, extreme pattern of legal delinquency by the defendant" (*Knecht v Tusa,* 15 AD3d 626, 627 [2005] [emphasis added]; *see O'Connell v Kerson,* 291 AD2d 386, 387 [2002]; *see also Bridges v 725 Riverside Dr.,* 119 AD2d 789 [1986]; *Trepel v Dippold,* 2005 WL 1107010, 2005 US Dist LEXIS 8541 [May 9, 2005]).

On a motion for summary judgment, the plaintiffs must raise a triable issue of fact that they sustained damages as a result of the deceitful act (*see Knecht v Tusa, supra; O'Connell v Kerson, supra; O'Connor v Dime Sav. Bank of N.Y.,* 265 AD2d 313 [1999]). However, whether the defendants would be entitled to summary judgment is not in issue here.

Since the defendants' motion seeks dismissal pursuant to CPLR 3211 (a) (7), the plaintiffs' allegations must be accepted as true (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). The plaintiffs' allegations were sufficient to withstand the defendants' motion with respect to the third cause of action. H. Miller, J.P., Goldstein, Crane and Rivera, JJ., concur.