■ IZKO SPORTSWEAR CO., INC., et al., Appellants, v NEIL R. FLAUM et al., Respondents. [809 NYS2d 119]—

Motion by the appellants for reargument of appeals from an order of the Supreme Court, Suffolk County, dated December 9, 2003, a judgment of the same court entered January 9, 2004, and an order of the same court dated April 20, 2004, which were determined by decision and order of this Court dated July 5, 2005 (*see Izko Sportswear Co., Inc. v Flaum*, 20 AD3d 392 [2005]).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that the decision and order of this Court dated July 5, 2005, is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 9, 2003, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, (2) a judgment of the same court entered January 9, 2004, which, upon the order, dismissed the complaint, and (3) so much of an order of the same court dated April 20, 2004, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 9, 2003, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the plaintiffs' third cause of action alleging a violation of Judiciary Law § 487 and substituting therefor a provision severing the third cause of action from the other two causes of action; as so modified, the judgment is affirmed, without costs or disbursements, the provision of the order dated December 9, 2003, granting that branch of the defendants' motion which was to dismiss the plaintiffs' third cause of action alleging a violation of Judiciary Law § 487 is vacated, that branch of the motion is denied, and the third cause of action is reinstated; and it is further,

Ordered that the appeal from so much of the order dated April 20, 2004, as, upon reargument, adhered to so much of the original determination as granted that branch of the defendants' motion which was to dismiss the third cause of action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated April 20, 2004, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the intermediate order dated December 9, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On August 9, 1997, the plaintiffs' business sustained damage from a fire. As a result, the corporate plaintiff Izko Sportswear Co., Inc. (hereinafter Izko), was unable to pay its rent to its landlord Heartland Rental Properties Partnership (hereinafter Heartland), and Heartland sued Izko to recover for unpaid rent. In November 1997 Izko's president, the plaintiff Ira Soblick, consulted the defendant bankruptcy attorneys, Neil R. Flaum and Neil R. Flaum, P.C. In January 1998 the defendants filed a petition for reorganization of Izko pursuant to chapter 11 of the Bankruptcy Code.

On or about February 17, 1998, Izko sought permission from the Bankruptcy Court to retain the defendants to prosecute the bankruptcy proceeding. In support of the application to the Bankruptcy Court, the defendant Neil R. Flaum submitted an affirmation stating that "[n]either I nor any members of my firm have any connection with [Izko], its creditors, or any other party in interest or their respective attorneys or accountants." By order dated March 24, 1998, the Bankruptcy Court granted the application.

The defendants continued to act as Izko's bankruptcy attorneys until May 8, 2000, when they consented to substitution of new counsel for Izko, as the debtor. The parties stipulated to the defendants' fee, which was approved by the Bankruptcy Court on May 31, 2000.

The plaintiff Ira Soblick claims that over two years later, in June 2002, the plaintiffs first learned that the defendants previously represented their creditor Heartland in several bankruptcy matters in the 1990's. According to Soblick, in June 2002 the plaintiffs discovered that the defendant Neil R. Flaum advised Heartland in late 1997 that Izko was contemplating declaring bankruptcy and secured Heartland's opinion that it did not deem it a conflict of interest. The plaintiffs claim that no one ever advised them of this conflict or potential conflict. Further, they claim that the defendants, by revealing to Heartland that Izko was considering bankruptcy, revealed confidential information which affected Heartland's prosecution of its pending action against Izko to recover for unpaid rent.

The instant action was commenced in 2003. The first two causes of action allege legal malpractice damaging Izko and legal malpractice damaging Ira Soblick as third-party beneficiary of Izko's agreement with the defendants. These causes of action are barred by res judicata and collateral estoppel, since the Bankruptcy Court, in approving the defendants' fee in the bankruptcy proceeding, necessarily determined that the fee was appropriate and that there was no malpractice (*see Lefkowitz v Schulte, Roth & Zabel*, 279 AD2d 457 [2001]; *Best v Law Firm of Queller & Fisher*, 278 AD2d 441, 442 [2000]; *Siegel v Werner & Zaroff*, 270 AD2d 119, 119-120 [2000]; *Chisholm-Ryder Co. v Sommer & Sommer*, 78 AD2d 143, 144 [1980]; *see also* 11 USC § 330).

The plaintiffs' third cause of action alleged a statutory cause of action pursuant to Judiciary Law § 487 that the defendants intentionally deceived the plaintiffs and the Bankruptcy Court with respect to the defendants' connection with Heartland. This cause of action was not barred by the doctrines of res judicata or collateral estoppel since the defendants allegedly deceived the Bankruptcy Court as well as the plaintiffs and the plaintiffs contend that the alleged deceit was not revealed until after the Bankruptcy Court rendered its determination.

A violation of Judiciary Law § 487 may be established "either by the defendant's alleged deceit *or* by an alleged chronic, extreme pattern of legal delinquency by the defendant" (emphasis supplied) (*Knecht v Tusa*, 15 AD3d 626, 627 [2005]; *see O'Connell v Kerson*, 291 AD2d 386, 387 [2002]; *see also Bridges v 725 Riverside Dr.*, 119 AD2d 789 [1986]; *Trepel v Dippold*, 2005 WL 1107010, 2005 US Dist LEXIS 8541 [May 9, 2005]).

On a motion for summary judgment, the plaintiffs must raise a triable issue of fact that they sustained damages as a result of the deceitful act (*see Knecht v Tusa, supra; O'Connell v Kerson, supra; O'Connor v Dime Sav. Bank of N.Y.*, 265 AD2d 313 [1999]). However, whether the defendants would be entitled to summary judgment is not in issue here.

Since the defendants' motion seeks dismissal pursuant to CPLR 3211 (a) (7), the plaintiffs' allegations must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The plaintiffs' allegations were sufficient to withstand the defendants' motion with respect to the third cause of action. H. Miller, J.P., Crane, Goldstein and Rivera, JJ., concur.