■ ORCHARD MOTORCYCLE DISTRIBUTORS, INC., et al., Appellants, v MORRISON COHEN SINGER & WEINSTEIN, LLP, Respondent. [853 NYS2d 320]—

The expert's affidavit was enough to sustain defendant's prima facie burden on the motion for summary dismissal of the

legal malpractice claim, shifting the burden to plaintiffs (*see Tanel v Kreitzer & Vogelman*, 293 AD2d 420, 421-422 [2002]). In opposition, plaintiffs failed to submit their own expert affidavit delineating the appropriate standard of professional care and skill to which defendant was required to adhere under the circumstances, which involved matters arising out of foreclosure actions, complex loan arrangements and bankruptcy proceedings that ordinary jurors could not evaluate based on their own knowledge and experience. There was no prima facie case for legal malpractice (*Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP*, 23 AD3d 243 [2005]; *Schadoff v Russ*, 278 AD2d 222 [2000]). The record further demonstrates that the corporate plaintiffs' dire financial situation was brought on by factors independent of defendant's professional representation, rendering the claim that defendant proximately caused plaintiffs' business failure speculative (*Brooks v Lewin*, 21 AD3d 731 [2005], *lv denied* 6 NY3d 713 [2006]).

These deficiencies were not cured by the affidavit of plaintiffs' principal, which failed to establish that but for defendant's alleged malpractice, the corporate plaintiffs would have successfully reorganized in chapter 11 proceedings (*Phillips-Smith Specialty Retail Group II v Parker Chapin Flattau & Klimpl*, 265 AD2d 208 [1999], *lv denied* 94 NY2d 759 [2000]; *Zarin v Reid & Priest*, 184 AD2d 385 [1992]). Even if this Court were to consider plaintiff's "failure to advise" claim, an attorney's selection of one among several reasonable courses of action does not constitute malpractice (*Rosner v Paley*, 65 NY2d 736 [1985]).

The Bankruptcy Court's orders approving defendant's legal fees and expenses established defendant's entitlement thereto (*Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534 [2006]; *Siegel v Werner & Zaroff*, 270 AD2d 119 [2000]). Coupled with defendant's admission to an instance of overcharging plaintiffs for services and agreement to repay same, this warranted summary dismissal of the conversion claim.

Defendant's right to fees and expenses having been established, it cannot be argued that it was unjustifiably enriched. Nor is there any basis in the record to warrant rescission of the retainer agreement between plaintiffs and defendant.

We have considered plaintiffs' other arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ. [*See* 2007 NY Slip Op 32152(U).]