■ Izko Sportswear Co., Inc., et al., Appellants, v Neil R. Flaum et al., Respondents. [879 NYS2d 724]—

In an action to recover damages for a violation of Judiciary Law § 487, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), dated April 4, 2008, which, upon an order of the same court dated January 30, 2008, granting the defendants' motion for summary judgment dismissing the complaint and denying their cross motion, inter alia, for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On a prior appeal, this Court found that the plaintiffs stated a cause of action pursuant to Judiciary Law § 487, against the defendants, who were the former bankruptcy attorneys for the plaintiff Izko Sportswear Co., Inc. (hereinafter Izko). The plaintiffs alleged in the complaint that the defendants concealed their relationship with Heartland Rental Properties Partnership (hereinafter Heartland), who was Izko's primary creditor, and also denied having a relationship with any of Izko's creditors (*see Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534 [2006]). In so doing, this Court noted that on a motion to dismiss pursuant to CPLR 3211 (a) (7), the plaintiffs' allegations must be accepted as true, and "whether the defendants would be entitled to summary judgment" was not an issue (*see Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]).

After discovery, the defendants moved for summary judgment dismissing the complaint based upon evidence which established, as a matter of law, that the plaintiffs were not deceived, and that the plaintiffs learned of the defendants' representation of Heartland on March 3, 2000, at the latest. In opposition, the plaintiffs failed to raise a triable issue of fact.

Thus, the revelation of the defendants' representation of Heartland occurred prior to May 31, 2000, when the Bankruptcy Court approved of a stipulation with respect to the amount of fees payable by Izko to the defendants. Accordingly, the plaintiffs' claim pursuant to Judiciary Law § 487 based upon the defendants' prior representation of Heartland is barred by the doctrines of collateral estoppel and res judicata, as the plaintiffs had a full and fair opportunity to raise the issue before the Bankruptcy Court (*see generally Lefkowitz v Schulte, Roth & Zabel*, 279 AD2d 457 [2001]).

The plaintiffs' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.