OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking the dismissal of the complaint is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action to recover damages for “money had and received,” plaintiff moved, insofar as is relevant to this appeal, for summary judgment. Specifically, plaintiff sought to recover legal fees he had paid to defendant’s decedent, asserting that he had paid a sum of money to decedent as part of an agreement for legal services and, when the relationship had terminated, the decedent had not performed all of the legal services for which he had been paid. Defendant opposed the motion and cross-moved, insofar as is relevant to this appeal, to dismiss the complaint on the ground that plaintiffs cause of action was based on a theory of legal malpractice and was thus time-barred (see CPLR 214 [6]). By order entered May 29, 2009, insofar as appealed from, the Civil Court denied the branch of plaintiffs motion seeking summary judgment and granted the branch of defendant’s cross motion seeking the dismissal of the complaint as time-barred.
While plaintiff’s claim was denominated an action for money had and received, such an action sounds in quasi contract and “arises when, in the absence of an agreement, one party possesses money that in equity and good conscience it ought not retain” (Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220 [2008] [citation omitted]). Here, since there was an express *72 agreement between the parties, plaintiff has failed to set forth a viable cause of action for money had and received.
As plaintiff seeks to recover a refund of an alleged overpayment of fees paid to the decedent, affording the complaint a liberal construction, and according its factual allegations every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Minsky v Haber, 74 AD3d 763, 764 [2010]), we find that plaintiff has asserted a breach of contract claim (see Reidy v Martin, 77 AD3d 903 [2010]; Henry v Brenner, 271 AD2d 647, 648 [2000]). Contrary to defendant’s argument, plaintiff has not alleged a legal malpractice cause of action, as he does not seek to recover for harm caused by the negligent performance of services rendered by defendant’s decedent (see generally Cubito v Kreisberg, 69 AD2d 738 [1979], affd 51 NY2d 900 [1980]; 1650 Forest Ave. Corp. v Farrell Fritz, P.C., 17 Misc 3d 132[A], 2007 NY Slip Op 51999[U] [App Term, 2d & 11th Jud Dists 2007]). Therefore, while defendant properly contends that CPLR 214 (6) governs malpractice cases, regardless of whether based on a theory of contract or tort, this provision is inapplicable to the instant action. This breach of contract action was timely commenced in accordance with the applicable six-year statute of limitations (see CPLR 213 [2]), as the representation terminated on June 26, 2003 and plaintiffs complaint was filed on or about November 18, 2008. We further note that, in any event, the period of 18 months after the death of the person liable is not a part of the time within which an action must be commenced (CPLR 210 [b]). Thus, the Civil Court improperly dismissed the action as time-barred. However, its denial of plaintiffs summary judgment motion was proper, as plaintiff failed to establish his entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant’s cross motion seeking the dismissal of the complaint is denied and the action is remitted to the Civil Court for all further proceedings.
Steinhardt, J.E, Pesce and Weston, JJ., concur.