13-2799-cv
Schutz v. Kagan Lubic Lepper Finkelstein & Gold LLP

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand fourteen.

Present:
  ROBERT A. KATZMANN,
    *Chief Judge*,
  RICHARD C. WESLEY,
  DENNY CHIN,
    *Circuit Judges*.

_____

SUSAN SCHUTZ and LEONARD SCHUTZ,

  *Plaintiffs-Appellants*,

    v.          No. 13-2799-cv

KAGAN LUBIC LEPPER FINKELSTEIN & GOLD LLP,
JOSEPH G. COBERT, and JESSE P. SCHWARTZ,

  *Defendants-Appellees*.[*]

_____

For Plaintiffs-Appellants:  ANDREW LAVOOTT BLUESTONE, New York, NY.

For Defendants-Appellees:  ANDREW S. KOWLOWITZ (Eric D. Mercurio, *on the brief*),
          Furman Kornfeld & Brennan LLP, New York, NY.

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Susan Schutz and Leonard Schutz appeal from a July 12, 2013 judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*), which dismissed all claims asserted against Defendants-Appellees Kagan Lubic Lepper Finkelstein & Gold LLP (the "Kagan Firm"), Joseph G. Cobert, and Jesse P. Schwartz. On appeal, the Schutzes argue that the district court erred in dismissing their claims for legal malpractice, breach of fiduciary duty, and violations of § 487 of the New York Judiciary Law. The Schutzes are the owners of a residential unit in a condominium building in the Bronx, New York, and the claims at issue arise out of the defendants' representation of the Schutzes and the building's Board of Managers (the "Board") to pursue claims against the owner, sponsor, developer, construction company, and architect of the building (the "Building Defendants") for damages caused by water intrusion. We presume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

We review a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) *de novo*, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"In a diversity action based on attorney malpractice, state substantive law, here that of New York, applies. To prevail on a claim for legal malpractice under New York law, a plaintiff must establish: (1) attorney negligence; (2) which is the proximate cause of a loss; and (3) actual damages." *Nordwind v. Rowland*, 584 F.3d 420, 429 (2d Cir. 2009) (emphasis, internal citation, and quotation marks omitted). In this case, the Schutzes' complaint contains numerous allegations of attorney misconduct. As to most of these allegations, however, the Schutzes provide no explanation as to how the defendants' alleged negligence proximately caused them any damages.

The Schutzes' only colorable claim of malpractice concerns the settlement agreement the defendants negotiated with the Building Defendants on behalf of the Board and ten of the building's twelve unit owners. The Schutzes refused to sign and voted against this settlement agreement, which they argue is both inadequate to cover the damages sustained and also unfair in that it requires the Board to indemnify the Building Defendants for any liability arising from the Schutzes' individual claims against the Building Defendants. In effect, because all unit owners must contribute a *pro rata* share to the Board's liabilities, the settlement agreement requires the Schutzes to fund their adversaries' defense in part. But at least five months before the settlement agreement was reached, the Schutzes discharged the defendants as their counsel and hired successor counsel to represent their interests, terminating the required attorney-client relationship and breaking the chain of causation. *See Perks v. Lauto & Garabedian*, 760 N.Y.S.2d 231, 262 (App. Div. 2d Dep't 2003). Moreover, the settlement agreement was approved by the Board after a majority vote of the individual unit owners, placing another "intervening and superseding" cause between any negligence and any injury. *Alden v. Brindisi, Murad, Brindisi, Pearlman, Julian, Pertz ("People's Lawyer")*, 937 N.Y.S.2d 784, 785 (App.

3

Div. 4th Dep't 2012) (quotation marks omitted). Furthermore, while the Schutzes conclusorily allege that they would have obtained a better result "but for" the defendants' alleged conflict of interests and other supposed professional lapses, such bald speculation cannot support a claim to actual damages. In these circumstances, we agree with the district court that the Schutzes have failed plausibly to plead actionable attorney negligence, proximate causation, or actual damages.[1]

Turning to the Schutzes' claim for breach of fiduciary duty, New York courts have consistently held that this cause of action is coextensive with a claim for legal malpractice where, as here, the claims "arise from the same facts . . . and do not allege distinct damages." *Daniels v. Lebit*, 749 N.Y.S.2d 149, 150 (App. Div. 2d Dep't 2002). The district court properly dismissed the Schutzes' claim for breach of fiduciary duty as duplicative of their claim for legal malpractice.

Finally, as to the claim under § 487 of the New York Judiciary Law, the Schutzes point to no factual allegations suggesting that the defendants engaged in "any deceit or collusion . . . with intent to deceive the court or any party," N.Y. Judiciary Law § 487(1), or that any such deceit or collusion proximately caused them any injury, *see Manna v. Ades*, 655 N.Y.S.2d 412, 413 (App. Div. 2d Dep't 1997). This claim too was appropriately dismissed.

---

[1] We express no view on whether the Schuzes may have meritorious claims against the Building Defendants or against the Board under these circumstances.

We have considered all of the plaintiffs' remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK