■ KRISTIN DUPREE, Appellant, v OLIVER RAYMOND VOORHEES III, Defendant, and KARYN A. VILLAR et al., Respondents. [57 NYS3d 414]—

Appeals from (1) a decision of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated April 20, 2015, and (2) a judgment of that court dated December 10, 2015. The decision, made after a nonjury trial, found, inter alia, that the plaintiff failed to establish that the defendant Karyn A. Villar violated Judiciary Law § 487. The judgment, entered upon the decision, dismissed the complaint.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for violation of Judiciary Law § 487 against, among

others, Karyn A. Villar and Villar's law partner, Dorothy A. Courten (hereinafter together the defendants). The plaintiff alleged that in an underlying divorce action, in which Villar represented the plaintiff's former husband, Villar made misrepresentations in applying for a receivership order and that she intended to deceive the court in connection with that application. The plaintiff alleged that because the defendants were partners of the same law firm, Courten was vicariously liable for the damages she sustained as a result of Villar's actions. After a nonjury trial, the Supreme Court determined, among other things, that the plaintiff failed to establish that Villar violated Judiciary Law § 487 and that the action should be dismissed.

"In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, bearing in mind that due regard must be given to the trial court, which was in a position to assess the evidence and the credibility of the witnesses" (*L'Aquila Realty, LLC v Jalyng Food Corp.*, 148 AD3d 1004, 1005 [2017]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Broderson v Parsons*, 106 AD3d 677, 679 [2013]).

Judiciary Law § 487 (1) provides that "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he [or she] forfeits to the party injured treble damages, to be recovered in a civil action." "A violation of Judiciary Law § 487 requires an intent to deceive" (*Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]; *see* Judiciary Law § 487 [1]; *Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 893 [2015]; *Dupree v Voorhees*, 102 AD3d 912, 913 [2013]). Here, the evidence adduced at trial, including the testimony of Villar, supports the trial court's determination that Villar did not act with the requisite "intent to deceive the court or any party" in applying for the receivership (Judiciary Law § 487 [1]).

In any event, to succeed on a cause of action to recover damages under Judiciary Law § 487, the plaintiff must demonstrate that he or she "suffered . . . damages which were proximately caused by the deceit allegedly perpetrated on him [or her] or on the court" (*O'Connor v Dime Sav. Bank of N.Y.*, 265 AD2d 313, 314 [1999]; *see Manna v Ades*, 237 AD2d 264, 265 [1997]; *Di Prima v Di Prima*, 111 AD2d 901, 902 [1985]).

The evidence adduced at trial also supports the trial court's conclusion that the plaintiff failed to establish that she suffered pecuniary damages as a result of the alleged deceit. Therefore, we decline to disturb the trial court's determination. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.