Carmen L. Mendez, Appellant,
against
Marvin S. Robbins, Respondent.




Carmen L. Mendez, appellant pro se.
Marvin S. Robbins, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered December 4, 2017. The judgment, upon a decision of that court dated July 13, 2016, after a nonjury trial, dismissed the complaint.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated July 13, 2016 is deemed a premature notice of appeal from the judgment entered December 4, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $3,500.
Plaintiff commenced this breach of contract action in 2015 to recover the sum of $3,500 which she had given defendant in 2010. At a nonjury trial, plaintiff testified that she had paid $3,500 to defendant, an attorney, to "make a motion" against the New York City Department of Education (DOE) for her "wrongful dismissal termination" of her job as a teacher, but defendant never made the motion and never contacted the DOE. Defendant conceded that he had received $3,500 from plaintiff but asserted that the three-year statute of limitations for a malpractice action bars plaintiff's action. After a nonjury trial, the Civil Court dismissed the action on the ground that plaintiff had failed to prove a prima facie case. 
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in [*2]mind, of course, that due deference must be given to the trial court's credibility determinations, as the trial court is in a better position to assess the credibility of the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Dupree v Voorhees, 153 AD3d 601, 602 [2017]; Sub10k, Inc. v National Mktg. Servs., Ltd., 31 AD3d 744, 744 [2006]). 
We find that plaintiff proved that she was entitled to recover the $3,500 she had paid to defendant for legal services. To prevail on her cause of action alleging breach of contract, plaintiff was required to establish the existence of a contract, plaintiff's performance pursuant to that contract, defendant's breach of its contractual obligations, and damages resulting from the breach (see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594 [2017]; Kausal v Educational Prods. Info. Exch. Inst., 105 AD3d 909, 910 [2013]; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]). Plaintiff testified that she had signed a retainer agreement with defendant pursuant to which defendant was to "make a motion for wrongful dismissal termination" against the DOE. Plaintiff explained that the reason why she had failed to produce the alleged contract was that defendant had "kept the paper" and had not provided plaintiff with a copy of the contract. Further, plaintiff testified that she had paid defendant $3,500 for defendant to file the motion, but that defendant had breached the contract by failing to perform the agreed-upon services. Aside from his conclusory assertion that there was no contract between the parties, defendant offered no proof to rebut plaintiff's testimony. Defendant conceded that plaintiff had paid him $3,500, without indicating the services he had rendered or otherwise providing a valid explanation as to why plaintiff was not entitled to recover the $3,500. We note that, contrary to defendant's contention, where, as here, a client claims that an attorney has failed to perform any services for which the client has paid, the claim sounds in breach of contract, which has a six-year statute of limitations (see CPLR 213 [2]; Reidy v Martin, 77 AD3d 903 [2010]; Marte v Graber, 31 Misc 3d 70 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), rather than attorney malpractice, which has a three-year statute of limitations (see CPLR 214 [6]). Consequently, plaintiff is entitled to judgment against defendant in the principal sum of $3,500. 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $3,500.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019