| **Signature Cleaning Servs., Inc. v Grimaldi** |
| 2024 NY Slip Op 32966(U) |
| August 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157238/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. JUDY H. KIM** | **PART** | **04** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

SIGNATURE CLEANING SERVICES, INC.,

              Plaintiff,

       - v -

CARMELO GRIMALDI, RICHARD HOWARD, MELTZER,
LIPPE, GOLDSTEIN & BREITSTONE, LLP,

              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157238/2021 |
| **MOTION DATE** | 07/17/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion for                     JUDGMENT - SUMMARY          .

Upon the foregoing documents, defendants' motion for summary judgment is granted.

Plaintiff Signature Cleaning Services, Inc. ("Signature") alleges that defendants—plaintiff's former law firm and its lawyers—engaged in malpractice by failing to advise plaintiff to require its employees to sign arbitration agreements and class action waivers as a condition of their employment (NYSCEF Doc No. 6 [Compl. at ¶8]). Plaintiff asserts that, as a result, its employees were able to file a class action lawsuit against plaintiff in New York State Supreme Court asserting violations of New York State's Labor Law and the Fair Labor Standards Act ("FLSA") (the "Class Action"), which plaintiff ultimately settled for over one million dollars (Id. at ¶¶9-12).

Defendants now move for summary judgment dismissing this action, submitting affirmations from members of the defendant law firm, Carmelo Grimaldi, and Thomas J. McGowan, attesting that "it was strategically determined that [p]laintiff would not provide

**157238/2021 SIGNATURE CLEANING SERVICES, INC. vs. GRIMALDI, CARMELO ET AL**      **Page 1 of 5**
**Motion No. 001**

1 of 5

[* 1]

arbitration and class action waiver agreements to [plaintiff's employees because, inter alia, the expense of addressing potentially a thousand or more individual arbitration demands by current and former employees would greatly exceed the likely cost of settling a class action lawsuit involving those same former and current employees" (NYSCEF Doc. Nos. 13 [Grimaldi Affirm. at ¶7] and 14 [McGowan Affirm. at ¶21]). Defendants also submit an affirmation by Raymond Nardo, Esq., an expert in Employment Law, attesting that defendants did not fail to exercise the ordinary reasonable skill and knowledge in employing this strategy and notes that if the Class Action plaintiffs had proceeded through arbitration, the costs to Signature from filing fees alone would have been substantially greater than the settlement of the Class Action (NYSCEF Doc. No. 32 [Nardo Affirm. at ¶¶9-11, 18]). Defendants argue that the foregoing establishes that plaintiff will not be able to prove its prima facie case and seek the dismissal of this action and sanctions pursuant to 22 NYCRR §130-1.1.[1]

In opposition, plaintiff argues only that this motion is premature, because discovery has not yet commenced.[2]

## DISCUSSION

Defendants' motion for summary judgment is granted. "An action for legal malpractice requires proof of three elements: (1) that the attorney was negligent; (2) that such negligence was a proximate cause of plaintiff's losses; and (3) proof of actual damages" (Global Bus. Inst. v Rivkin Radler LLP, 101 AD3d 651, 651 [1st Dept 2012]). Accordingly, "[t]o succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must

---

[1] Defendants' argument, in reply, that plaintiff's failure to submit a Statement of Facts constitutes an admission of all the facts set forth in defendants' Statement of Facts is incorrect, given the amendment to 22 NYCRR 202.8-g as of July 1, 2022 (See Smith v MDA Consulting Engineers, PLLC, 210 AD3d 1448, 1449 [4th Dept 2022], lv to appeal denied, 39 NY3d 910 [2023]).

[2] The Court excuses plaintiff's untimely opposition, pursuant to CPLR 2004, as this delay has not prejudiced defendants.

present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (Burbige v Siben & Ferber, 152 AD3d 641, 642 [2d Dept 2017] [internal citations omitted]). In this case, defendants have established that they were not negligent in advising plaintiff not to mandate that its employees execute arbitration agreements and class action waivers and, in any event, this advice was not the proximate cause of plaintiff's losses.

To wit, the affirmations of Grimaldi, McGowan, and Nardo establish that defendants' advice was reasonable (See Yang v Pagan Law Firm, P.C., 228 AD3d 547, 547-48 [1st Dept 2024] ["Defendants met their prima facie burden on a motion for summary judgment by submitting the affidavit of their legal expert, who averred that defendants did not depart from the applicable standard of care"]; see also Orchard Motorcycle Distributors, Inc. v Morrison Cohen Singer & Weinstein, LLP, 49 AD3d 292, 292-93 [1st Dept 2008]), and it is well-settled that an attorney's "selection of one among several reasonable courses of action does not constitute malpractice" (Rosner v Paley, 65 NY2d 736, 738 [1985]).

Defendants have also established that plaintiff cannot prove that their advice was not the proximate cause of the harm alleged by plaintiff. "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal citations omitted]). However, "[c]ontentions underlying a claim for legal malpractice which are couched in terms of gross speculations on future events … are insufficient as a matter of law to establish that defendants' negligence, if any, was the proximate cause of [plaintiff's] injuries" (Phillips-Smith Specialty Retail Group II, L.P. v Parker Chapin Flattau & Klimpl, LLP, 265 AD2d 208, 210 [1st Dept 1999] [internal citations and quotations

omitted]). Here, the complaint does not allege that plaintiff would have prevailed in the Class Action but rests on the (unstated) assumption that the Class Action would never have been brought—or would have been dismissed—if plaintiff's employees had executed arbitration agreements and class action waivers. This speculation on a hypothetical sequence of events is insufficient to establish causation on a malpractice claim (See Brooks v Lewin, 21 AD3d 731, 734-35 [1st Dept 2005] [plaintiff's assertion "that a number of events which occurred after she severed her relationship with MSI could have been prevented if the law firm made the motion for the injunction" was "speculation on future events" and therefore insufficient to establish that the defendant lawyer's malpractice, if any, was a proximate cause of any such loss"]; see also Kaplan v Conway and Conway, 173 AD3d 452, 452-53 [1st Dept 2019] [allegations that plaintiffs were subject to a FINRA investigation because defendants failed to timely advocate for a "formal closure" of an internal investigation by plaintiffs' employer or secure "more favorable language" in FINRA U-5 Forms filed upon plaintiffs' resignation were vague, speculative, conclusory and failed to "fit [into] any cognizable legal theory"]).

In opposition, plaintiff fails to rebut defendants' showing with its own expert affidavit (See Orchard Motorcycle Distributors, Inc. v Morrison Cohen Singer & Weinstein, LLP, 49 AD3d 292, 292-93 [1st Dept 2008]). Instead, it argues that this motion is premature because discovery has not begun. This argument fails on two grounds. First, the "lack of discovery in this action does not require denial of plaintiff's summary judgment motion as premature" where, as here, plaintiff "failed to show that facts essential to justify opposition to the motion were within [defendants'] exclusive knowledge or that discovery might lead to facts relevant to the issues" (Duane Morris LLP v Astor Holdings Inc., 61 AD3d 418 [1st Dept 2009] [internal citations omitted]). In addition, plaintiff's failure to request a preliminary conference or serve discovery demands at any time

during the pendency of this action, commenced in 2021, entirely undermines their argument that discovery is needed (See e.g., Cooper v. 6 West 20th Street Tenants Corp., 258 AD2d 362 [1st Dept 1999] ["[i]nasmuch as Plaintiffs' inability to oppose the summary judgment motion resulted from their own voluntary inaction, their reliance on CPLR 3212(f) is misplaced"]). Accordingly, defendants' motion for summary judgment is granted. The Court declines, however, to grant defendants' application for sanctions pursuant to 22 NYCRR § 130-1.1.

In light of the foregoing, it is

**ORDERED** that defendants' motion for summary judgment is granted and this action is dismissed; and it is further

**ORDERED** that defendants shall, within ten days of the date of this decision and order, serve a copy of this decision and order, with notice of entry, upon plaintiff as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| | |
|---|---|
| **8/23/2024** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

157238/2021  SIGNATURE CLEANING SERVICES, INC. vs. GRIMALDI, CARMELO ET AL     Page 5 of 5
Motion No.  001

5 of 5